| | | |
|---|---|---|
| MATTHEW R. GRANT, et al, | ) | |
| | ) | |
| *Appellants*, | ) | |
| vs. | ) | Case No.  26-2050 |
| | ) | |
| BRUCE F. HILTON,  et al, | ) | |
| | ) | |
| *Appellees*. | ) | |

## **APPELLANTS' AMENDED MOTION FOR BRIEFING SCHEDULE**

COME NOW, Appellants Matthew R. Grant and Stop Missouri Corruption, LLC, and for their motion requesting that the Court enter a briefing schedule pursuant to Fed.R.App.P. 31, state:

1. After appellants filed their notice of appeal, the Clerk of the Court notified the parties on May 28, 2026 that, "Your appeal is being referred to the court. No briefing schedule will be established, and no additional pleadings are required from you. Our office will advise you of any action taken in your case."

2. The May 28 notice did not explain why the Court decided to dispense with briefs in this appeal, but appellants respectfully request that the Court vacate the May 28 notice and enter a briefing schedule, or at minimum, allow appellants to file a brief before any disposition.

3. This Court long ago held that, "It would be an exceptional case

which this Court justifiably could dispose of summarily on motion and without briefs and final arguments." *Jackson v. Kuhn*, 249 F.2d 209, 211 (8th Cir. 1957). This is because appellate courts, like all our nation's courts, "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008); *accord Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) (Scalia, J.) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research …")

4.      Simply put, "the adversarial process leads to better, more accurate decision-making." *Kaley v. United States*, 571 U.S. 320, 338 (2014).

5.      This is not to say that summary disposition is never appropriate, but the situations in which courts have deemed summary disposition appropriate are limited and not present here.

6.      The United States Court of Appeals for the Seventh Circuit has explained that, "Summary disposition is appropriate in an emergency, when time is of the essence and the court cannot wait for full briefing and must decide a matter on motion papers alone. Summary affirmance may also be in order when the arguments in the opening brief are incomprehensible or completely insubstantial. Finally, summary affirmance may be appropriate when a recent

appellate decision directly resolves the appeal." *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006) (citations omitted).

7.     The United States Court of Appeals for the Second Circuit has held that, "Summary affirmative of a district court's decision in place of full merits briefing and, at the discretion of the court argument is, and should be treated as, a rare exception to the completion of the appeal process. It is a short-cut and, in light of the liberty and property rights involved, one that is available only if an appeal is truly 'frivolous.'" *United States v. Davis*, 598 F.3d 10, 13 (2nd Cir. 2010).

8.     This appeal does not involve an emergency where time is of the essence. Because briefing has been suspended, there have been no arguments, incomprehensible, insubstantial, or otherwise, in appellants' opening brief. There are also no recent on-point appellate decisions that conclusively resolve all of the issues that will be raised on appeal.

9.     Finally, this appeal raises significant non-frivolous issues.

10.     For example, the district court dismissed appellants' first amended complaint with prejudice under Rule 41(b) because, according to the district court, appellants did not comply with the district court's show cause order. However, "Dismissal with prejudice is a drastic and extremely harsh sanction. It

is warranted only by a pattern of intentional delay by the plaintiff, or in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (internal citations and quotation marks omitted). Here, there has been no willful disobedience. Appellants attempted to comply with the district court's show cause order by filing a first amended complaint. In an attempt to further comply with the show cause order, appellants sought leave to file a second amended complaint but leave was denied.

11.    Compare what happened in this case with *Ellis v. Nike USA, Inc.*, 158 F.4th 932 (8th Cir. 2025). In *Ellis*, the plaintiff "amended her complaint. Nike then moved to dismiss the [first amended complaint] under Rule 12(b)(6), arguing it suffered from the same pleading deficiencies. Ellis had seven months to *properly* seek leave to file a second amended complaint by filing a motion to amend with a proposed [second amended complaint] before the district court issued its March 28 dismissal order. She did not, choosing to stand on her complaint." *Id*. at 936-937. Because Ellis's complaint was dismissed under Rule 12(b)(6), this Court held that the standard in *Clayton*, cited above, did not apply.

12.    Here, however, the district court dismissed appellants' first amended complaint with prejudice under Rule 41(b) for purportedly failing to

comply with the district court's show cause order. Thus, the *Clayton* standard applies and has not been satisfied. In other words, this is a meritorious issue and is thus not appropriate for summary affirmance.

13. The district court's dismissal order also confused plausibility with believability. The district court points to an email in which a trial judge and counsel discuss, "buying future litigation." The district court decided that this phrase, "was meant to convey the risk that certain decisions in a case may lead to future litigation." Appellants believe that this email is evidence of family court litigators and judges using the system to enrich themselves at the expense of litigants and ultimately, the litigants' children. Clearly appellants and the district court read this email differently and it is understandable that people reading this email may reach different conclusions about the email's contents. But the email confirms that appellants' argument is at least plausible. And while the district court is free to believe otherwise, what it cannot do is substitute its belief for appellants' belief and then declare that appellants' belief is wrong. Thus, whether the district court improperly confused the applicable legal standard is a legitimate, non-frivolous issue that should be resolved after briefing.

14. The district court also made legal pronouncements that are not

actually supported by the law. For instance, the district court dismissed appellants Section 1983 claim against a court appointed guardian ad litem by declaring that, "A guardian ad litem does not act under color of state law." However, "Missouri case law recognizes that a guardian *ad litem* does not function in the traditional role as an attorney for the children, but instead serves largely as an arm of the court." *DeSpain v. DeSpain*, 717 S.W.3d 796, 804 (Mo. App. 2025). Indeed, this Court held just two years ago that, "Guardians ad litem and court-appointed medical experts perform judicial functions that were granted immunity under common law at the time § 1983 was enacted. Therefore, they are entitled to absolute immunity when the perform duties that are 'integral parts of the judicial process." *Arseneau v. Pudlowski*, 110 F.4th 1114, 1118 (8th Cir. 2024).

15.    However, this Court recognized in the same opinion that absolute immunity for purposes of Section 1983 does not apply when the GAL acts outside of the scope of their role as a GAL. *Id*. at 1119. This Court pointed to the plaintiff's allegation that the GAL told the plaintiff and her attorney, "that she would lose legal custody of the child if she did not settle the case" as an example of conduct that "arguably falls outside the scope" of the GAL's role. *Id*. The Court ultimately held that this conclusory statement was not sufficient,

6

by itself, to pierce the GAL's absolute immunity, but the fact remains that, depending on the allegations, a GAL can potentially be subjection to liability under Section 1983. *Id*.

16.     In this case, appellants alleged in their proposed second amended complaint that a court-appointed GAL attempted to extort appellant Grant during a June 2, 2025 phone call. Appellants explained that during this phone call, the GAL "refused to provide Plaintiff Grant additional custody of the minor children, but he offered a *quid pro quo* and offered to trade Plaintiff Grant custody of his children in exchange for Plaintiff Grant's agreement to disavow and abandon his truthful claims of criminal corruption and criminal conduct in the state court case."

17.     This is not a conclusory allegation; it is a factual allegation involving conduct that falls outside the scope of the GAL's role.

18.     But if this Court summarily affirms the district court's dismissal order, it will, in effect, be affirming the district court's mistaken belief that GALs are never subject to Section 1983 claims. This is not the law.

19.     These are just a handful of the meritorious issues that appellants intend to raise on appeal but this motion is not a substitute for an appellate brief. Appellants should not be deprived of the right to fully inform the Court of the

issues on appeal through an appellate brief. The Court should not deny itself the benefit of being fulling informed about the issues on appeal. And the appellees should not be denied the ability to present fully-formed arguments in response.

WHEREFORE, for the reasons stated above, appellants request that the Court enter a briefing schedule and award such further relief that is appropriate under the circumstances.

Respectfully submitted,

_/s/Matthew R. Grant_
Matthew R. Grant, #MO50312
GRANT FIRM LLC
701 Market Street, PMB 1709
St. Louis, MO 63131
T: (314) 255-7760
Email: mattgrant.stl@gmail.com

**Pro Se Appellant and counsel for Co-Appellant Stop Missouri Corruption, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

_/s/ Matthew R. Grant_
Matthew R. Grant

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that the foregoing contains 1704 words and complies with Federal Rule of Appellate Procedure 27.

_/s/ Matthew R. Grant_
Matthew R. Grant
